UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL BROWN, JR.,<br>                  Plaintiff,<br>v.<br><br>NICOLE MOORE,<br>                  Defendant.<br>_____/ | Case No. 24-13393<br><br>F. Kay Behm<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## **ORDER TERMINATING "EMERGENCY MOTION" (ECF No. 3)**

Plaintiff filed a complaint against a Detroit Police Department detective for constitutional violations on December 16, 2024. (ECF No. 1). On the same day, he filed an application to proceed without prepaying costs (ECF No. 2) and an "emergency motion for relief from judgment" (ECF No. 3). The "emergency motion" was docketed as a pending motion in this Court.

It does not appear that Plaintiff intended to file this motion to seek relief from *this Court*. Instead, it appears to be perhaps an attachment to his complaint or a separate filing to show the Court that he filed the emergency motion in state court. The Court takes this view because of several components of the motion, such as (1) the caption in the motion is directed at the Third Judicial Circuit Court in Michigan; (2) the caption in the motion lists the People of the State of Michigan as plaintiff and Plaintiff as the defendant; (3) he asks for relief from judgment entered on April 23, 2024 pursuant to a Michigan Court Rule, but there is no April

2024 judgment here; and (4) the certificate of service notes that the motion was electronically filed via the "MI FILE system," a Michigan court electronic filing system. (ECF No. 3).

Looking to the complaint filed here, Plaintiff shows that he knows how to style filings directed at this Court because (1) the caption of his complaint is written for the United States District Court for Eastern District of Michigan; (2) his complaint lists himself as plaintiff and Nicole Moore as defendant; (3) he seeks relief pursuant to federal law instead of state law; and (4) there is no mention of the MI FILE system as the means of submitting the complaint, Plaintiff instead used the pro se filer upload option.

Because it appears that the "emergency motion" is not intended to seek relief from this Court, the motion is **TERMINATED**. If Plaintiff intends to seek relief from the Court through a motion, the motion must comply with Eastern District of Michigan Local Rules 5.1 and 7.1, and importantly must be directed at this Court, not a state court. Based on the above, the Court will consider this "emergency motion" as an attachment to the complaint.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as

2

error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: March 13, 2025                        s/Curtis Ivy, Jr.
                                            Curtis Ivy, Jr.
                                            United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 13, 2025.

                                            s/Sara Krause
                                            Case Manager
                                            (810) 341-7850