UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL BROWN, JR.,<br>                Plaintiff,<br>v.<br><br>NICOLE MOORE,<br>                Defendant.<br>_____/ | Case No. 24-13393<br><br>F. Kay Behm<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE (ECF No. 16)**

**I.   Discussion**

This matter was referred to the undersigned for all pretrial proceedings. (ECF No. 8). Plaintiff moved for summary judgment on May 27, 2025. (ECF No. 16). In the motion, he asserts that Defendant Moore was served with the summons and complaint on March 27, 2025, and more than 21 days had passed without an answer or motion from Defendant. He says that the Clerk of Court entered a default against Defendant, but the docket shows no entry of default. Plaintiff contends that his complaint allegations must be accepted as true and that his allegations "demonstrate actionable claims." (*Id.* at PageID.48-49).

As discussed in an Order to Show Cause entered on June 3, 2025, there was no proof that Defendant Moore had been served. (ECF No. 20). Plaintiff filed a signed returned green card on June 4, 2025, but as explained on June 5, 2025, that

green card does not establish that Defendant has been properly served; that green card was signed by someone other than Defendant. (ECF No. 23). So the undersigned directed the United States Marshals Service to again attempt mailed service of process, being careful to restrict delivery to Defendant with Defendant's signature required. (*Id.*).

To date, Defendant has not been properly served. Thus, the undersigned suggests the motion for summary judgment be denied without prejudice as prematurely filed because "[t]he Court cannot grant summary judgment against defendants who have not been served with process." *Fowler v. Tyndale Pub. House*, 2009 WL 2488057, at *1 (E.D. Mich. Aug. 12, 2009) (citation omitted); *Sanders v. City of Pembroke*, 2019 WL 3227457, at *6 (W.D. Ky. July 16, 2019); *Heard v. Strange*, 2019 WL 2385205, at *8 (E.D. Mich. May 10, 2019) (recommending denial without prejudice of the plaintiff's motion for summary judgment against a defendant who had not yet been served with the complaint). In the same vein, the motion is premature because the parties have not had an opportunity to conduct discovery. *Tribe v. Snipes*, 19 F. App'x 325, 327 (6th Cir. 2001). "[A] grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery." *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994).

Plaintiff may raise appropriate dispositive motions following the Court issuing a scheduling order after Defendant has appeared and answered the complaint.

## II.     Recommendation

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's motion for summary judgment (ECF No. 16) be **DENIED WITHOUT PREJUDICE**.

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date:  June 12, 2025.                    s/Curtis Ivy, Jr.
                                         Curtis Ivy, Jr.
                                         United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on June 12, 2025.

                                         s/Sara Krause
                                         Case Manager
                                         (810) 341-7850