UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL BROWN, JR.,<br>　　　　　　　　Plaintiff,<br>v.<br>NICOLE MOORE,<br>　　　　　　　　Defendant.<br>_____/ | Case No. 24-13393<br><br>F. Kay Behm<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER DENYING PLAINTIFF'S CONSOLIDATED MOTION
### (ECF No. 30)

Plaintiff moved to strike Defendant's affirmative defenses, for leave to amend his complaint, and for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (ECF No. 30). This motion is **DENIED** for the following reasons.

　　A.　　Striking Affirmative Defenses

Plaintiff moves to strike Defendant's affirmative defenses arguing that the defenses are boilerplate and, essentially, that neither defense has merit. (ECF No. 30, PageID.93).

Federal Rule of Civil Procedure 12(f) authorizes district courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). But "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Loc. 324 Health*

*Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). A Rule 12(f) "motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." *United States v. Petty Prods., Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) (citation omitted). "The motion to strike should be granted only when the affirmative defense is not relevant to the dispute and has no possible relation to the controversy." *Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, 116 F. Supp. 3d 818, 823 (E.D. Mich. 2015) (citation omitted).

Plaintiff's challenge to the merits of the affirmative defenses does not establish that the affirmative defenses are irrelevant and have no possible relation to the controversy. Rather, his challenges raise factual issues, such as asserting that Defendant should have known the falsity of her report, that are best determined on the merits through litigation. And the Court rejects Plaintiff's assertion that the affirmative defenses are improperly boilerplate. "An affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." *Pough v. DeWine*, 2023 WL 1812641, at *1 (S.D. Ohio Feb. 8, 2023) (quoting *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006)). Plaintiff has fair notice of the nature of defenses as evidenced by his motion addressing the merits of the defenses. For these reasons, the Court will not strike the affirmative defenses.

B.     Amending the Complaint

Plaintiff seeks to amend his complaint to add evidence and claims under Fed. R. Civ. P. 15.  This request is denied because Plaintiff did not attach a complete proposed amended complaint with his motion.  The Court's Local Rule 15.1 requires a motion to amend to attach the proposed amended complaint to the motion.  A proposed amended complaint is required so the Court can assess whether leave to file the amended pleading should be granted.

During the scheduling conference held September 15, 2025, Plaintiff indicated that he would file a motion to amend soon.  That motion should be filed by October 15, 2025, as stated in the Case Management Order.

C.     Judgment on the Pleadings

Plaintiff asserts that the pleadings and other documents establish that he is entitled to judgment on the pleadings.  (ECF No. 30, PageID.93).  This motion is denied for two reasons.  First, it is procedurally improper considering that Plaintiff intends to amend his complaint. Rule 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed.  Pleadings are closed when the defendants have filed an answer.  The pleadings are not closed until the issue of Plaintiff's amendment is resolved and Defendant has answered the operative complaint.  Second, Plaintiff needs to do more than simply assert that the pleadings and evidence entitle him to judgment.  He will need to show *why* that is so with

3

argument and citation to places in the pleadings and documents in the record that support his entitled to judgment.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: September 15, 2025                s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on September 15, 2025.

<u>s/Sara Krause</u>  
Case Manager  
(810) 341-7850