UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL BROWN, JR.,                          Case No. 24-13393

                          Plaintiff,        F. Kay Behm
v.                                          United States District Judge

NICOLE MOORE,                               Curtis Ivy, Jr.
                                            United States Magistrate Judge

                          Defendant.
_____/

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT (ECF No. 43)**

Pending before the Court is Plaintiff Daniel Brown, Jr.'s, *Motion for Leave
to File Amended Complaint* (ECF No. 43).  Plaintiff filed this *pro* se civil rights
complaint on December 16, 2024, against Detective Nicole Moore of the Detroit
Police Department concerning his arrest and detention from June 2020 through
April 2024.  (ECF No. 1).  This case was referred to the undersigned for all pretrial
matters.  (ECF No. 13).

Plaintiff initially sought to amend his Complaint on August 6, 2025, which
was denied on procedural grounds because he failed to attach a proposed amended
complaint to the motion.  (ECF Nos. 30, 38).  Plaintiff filed the instant for leave to
file an amended complaint under Fed. R. Civ. P. 15(a) on September 15, 2025, to

include additional claims and exhibits, and on the same day separately filed a proposed amended complaint. (ECF No. 43).

Federal Rule of Civil Procedure 15 provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). That said, this does not suggest that all motions to amend are automatically granted. District courts may deny leave to amend under Rule 15(a)(2) based on "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (citation omitted); *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)

Here, Plaintiff moves to amend his Complaint because he states that he obtained new evidence during the course of this litigation that is critical to his constitutional claims against Defendant. (ECF No. 43, PageID.168–69). Plaintiff further states that these documents directly prove that Defendant "fabricated

2

evidence, suppressed exculpatory material, and abused her authority." (*Id.* at PageID.169). Plaintiff asserts that Defendant will not be unfairly prejudiced by amending the complaint as the litigation is ongoing, no trial date has been set, and Plaintiff would be irreparably prejudiced if he were denied the opportunity to present the complete factual record in support of his claims. (*Id.*).

Defendant responded that the proposed amendments "would be futile and an injustice to Defendant to have to defend additional claims." (ECF No. 47, PageID.187). Defendant states that the documents Plaintiff cites as newly discovered evidence "were long in existence and do not enhance or detract from Plaintiff's original claims and would prejudice Defendant with more time and expense to defend the additional claims." (*Id.*).

It is not disputed that Plaintiff timely filed his motion prior to the October 15, 2025, deadline for amending pleadings, thus, the Court finds no undue delay in Plaintiff's request. (*See* ECF No. 37). Next, the record contains no evidence that the motion was filed in bad faith or with dilatory motive, and the Court notes that Plaintiff has not previously amended his Complaint.

Defendant asserts they would be prejudiced because it would take additional time and expense to defend the additional claims; however, this basis without more is insufficient. The motion was filed at the beginning of discovery and the case has not yet had dispositive motions filed. Further, the additional claims rest upon the

3

same set of facts as the original, which would not require much additional discovery, if any.  Further, Defendant indicated that she already has the documents cited as the basis for the new claims in her possession as the evidence has been "long in existence."  (ECF No. 47, PageID.187).

Finally, Defendant makes a generalized argument that allowing the amendment would be futile but does not present any argument as to any claim Plaintiff seeks to add.  (*Id.*).  Plaintiff seeks to add claims for: (1) violation of his Due Process rights involving a violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2) fabrication of evidence; (3) malicious prosecution; (4) abuse of authority; and (5) intentional infliction of emotional distress.  (ECF No. 44, PageID.173).

Accepting the facts presented in Plaintiff's Complaint and proposed amended complaint as true, the Court does not find futility in amending his complaint to add causes of actions for a violation of the Fourteenth Amendment's Due Process clause related to alleged suppression of exculpatory evidence; fabrication of evidence; malicious prosecution; and state law claim of intentional infliction of emotional distress.  Regarding Plaintiff's section 1983 claim for "abuse of authority," courts have found that the "existence of an independent cause of action under § 1983 for abuse of authority as a constitutional violation is unclear." *Tidaback v. City of Georgetown*, No. 5:15-CV-226-JMH, 2017 WL

4

1217165, at *4 (E.D. Ky. Mar. 31, 2017).  However, where a plaintiff claimed that the defendants fabricated evidence in retaliation for conduct alleged to be protected by the First Amendment, the Sixth Circuit held that since the conduct was not protected under the First Amendment, the claim was "more properly characterized as a substantive due process claim of 'abuse of authority,'" which requires behavior that "shocks the conscience" or is an "egregious abuse of governmental power."  *Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir. 1999).  Similarly, here the Court will construe Plaintiff's cause of action for abuse of authority as a substantive due process claim.  Therefore, to the extent Count IV of Plaintiff's proposed amended complaint states a cause of action for abuse of authority under 42 U.S.C. § 1983, the claim should proceed as a substantive due process claim.

Accordingly, it is **ORDERED** that Plaintiff's *Motion for Leave to File Amended Complaint* (ECF No. 43) is **GRANTED**, and that Plaintiff's First Amended Complaint (ECF No. 44) is **ACCEPTED**.  The document submitted as the amended complaint will be the **sole and exclusively controlling document** and the Court will not look beyond the amended complaint for any factual or legal issues raised in any previously filed complaint.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal

Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: May 4, 2026                                s/Curtis Ivy, Jr.
                                                 Curtis Ivy, Jr.
                                                 United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 4, 2026, by electronic means and/or ordinary mail.

                                                 s/Sara Krause
                                                 Case Manager
                                                 (810) 341-7850